UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Andres Checo,

             Plaintiff,

—v—

Boston Post Road Food Corp. et al.,

             Defendants.

14-CV-4565 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On June 24, 2014, Andres Checo ("Plaintiff") filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 1. Plaintiff claimed that his employer, a Bronx supermarket, failed to pay legally required minimum, overtime, and spread-of-hours wages and failed to keep adequate records. *Id.* The parties notified the Court that they had reached a settlement in principle on August 5, 2015. *See* Dkt. No. 37. On November 19, 2015, the parties submitted a written settlement for the Court's approval, along with a letter explaining their views on why the settlement would be fair. *See* Dkt. No. 45. Under this settlement, Plaintiff would receive $33,333.33 and his attorneys would receive $16,666.67. *Id.* at 2. Because the parties fail to provide the Court with sufficient information to evaluate the fairness of this proposed settlement, approval is denied at this time.

### I.    DISCUSSION

    To promote FLSA's purpose of ensuring "a fair day's pay for a fair day's work," a settlement in a FLSA case must be approved by a court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). As a result, Plaintiff's claims cannot be dismissed with

prejudice until the Court is satisfied that the proposed settlement is "fair and reasonable." *See, e.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement must "reflect[] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

For a court to properly evaluate the fairness of a proposed settlement, the parties must provide sufficient information about "the bona fides of the dispute." *Mamani*, 2014 WL 2971050, at *1 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At minimum, this includes information on "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). If the parties disagree over the calculation of wages owed, they "must provide each party's estimate of the number of hours worked and the applicable wage." *Mamani*, 2014 WL 2971050, at *1 (quoting *Dees,* 706 F. Supp. 2d at 1241-42). In reviewing attorney's fees, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).

In light of these principles, the parties have failed to provide the Court with sufficient information to evaluate the fairness of their proposed settlement. Most importantly, the parties have failed to "provide each party's estimate of the number of hours worked and the applicable wage." *Mamani*, 2014 WL 2971050, at *1 (quoting *Dees,* 706 F. Supp. 2d at 1241-42). Plaintiff

2

alleges that he worked 12 hour days five days a week and a 14 hour day once a week, for a fixed salary of $500 per week. Dkt. No. 45 at 2. While Defendants "dispute the hours the Plaintiff claims he worked," they do not provide their own estimate, nor do they provide any information on the applicable wages. *Id.* Without information on the "methodology for calculating the [settlement] amount[]" and the "underlying data to which the methodology was applied," *see Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015), the Court cannot evaluate whether the proposed settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani*, 2014 WL 2971050, at *1 *(quoting Le*, 2008 WL 724155, at *1).

Similarly, the parties do not provide any "documentation justifying the hours [] spent" by the attorneys on the case. *Gaspar*, 2015 WL 7871036, at *2. Without such information, the Court cannot determine whether the proposed fee is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Zhang*, 2015 WL 5122530, at *2 (quoting *Stanczyk*, 752 F.3d at 284).

The Court also wishes to address the release in the proposed settlement. A FLSA settlement cannot contain a release from liability that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181). Despite this requirement, the proposed settlement provides: "Plaintiff . . . release[s] . . . Defendants from any and all claims of any kind whatsoever including, but not limited to, claims in connection with his employment at Defendants, whether known or unknown, that he has, may have or has had . . . including, but not limited to, claims arising under [a list of federal, state, and local statutes]." Dkt. No. 45 Ex. 1 ¶ 3. Such a broad release requires Plaintiff to waive his right to bring "claims that have no relationship whatsoever to wage-and-hour issues," and is thus impermissible. *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181).

## II. CONCLUSION

In light of the foregoing, the Court cannot approve the proposed settlement at this time. The parties are hereby ordered to meet and confer about the settlement, and to file a revised settlement submission or a joint letter updating the Court on the status of settlement negotiations no later than January 11, 2016. Any revised submission "should make clear any remaining points of legal and factual disagreement (including over wage and hour calculations), [] explain the calculations and facts underlying the proposed recovery amounts," and provide documentation for requested attorneys' fees. *Gaspar*, 2015 WL 7871036, at *3.

SO ORDERED.

Dated: December 15, 2015
New York, New York

ALISON J. NATHAN
United States District Judge