UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Andres Checo,

            Plaintiff,

      –v–

Boston Post Road Food Corp. et al.,

            Defendants.

14-CV-4565 (AJN)



ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 27 2016

---

ALISON J. NATHAN, District Judge:

      On June 24, 2014, Andres Checo ("Plaintiff") filed this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Dkt. No. 1. Plaintiff claimed that his employer, a Bronx supermarket, failed to pay legally required minimum wages, overtime, and spread-of-hours pay. *Id.* On November 19, 2015, the parties submitted a proposed settlement for the Court's approval. Dkt. No. 37. Under the terms of this settlement, Plaintiff would receive $33,333.33 and his attorneys would receive $16,666.67. *Id.* at 2.

      On December 15, 2015, the Court declined to approve the parties' settlement. Dkt. No. 46. In doing so, the Court indicated that the parties had "failed to provide the Court with sufficient information to evaluate the fairness of their proposed settlement." *Id.* at 2. The Court expressed concern over the scope of the release and requested additional information, including (1) the Defendant's position on the hours Plaintiff claims to have worked; and (2) documentation of how Plaintiff's attorneys spent their time. *Id.* at 3-4. On January 19, 2015, the parties submitted a letter providing the requested information. Dkt. No. 49.

      First, the parties provided clarification regarding the scope of their dispute with respect to Plaintiff's hours worked. Plaintiff alleges that he worked 72 hours a week at a fixed salary of $500. *Id.* at 1. Under these facts, Plaintiff's unpaid wages and overtime would be about

$49,000. *Id.* at 2. Defendants, on the other hand, allege that Plaintiff worked 50 hours a week at a fixed salary of $500. *Id.* Under these facts, Plaintiff's unpaid wages would be at most $14,300 (and possibly less given vacation and holidays). *Id.* In light of the bona fide dispute over hours and the questionable availability of "cumulative" liquidated damages,[1] the Court finds that a settlement of $33,333.33 is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Second, the parties provided additional information about attorneys' fees. Plaintiff's attorneys spent at total of 67.85 hours on this case, which has been pending for over 18 months. Dkt. No. 49 Ex. C. The settlement provides for $16.666.67 in attorneys' fees, at an average of approximately $245 per hour. The Court finds this award to be reasonable.

Finally, the parties have agreed to narrow the general release provided in the initial settlement agreement. The Court finds this narrower release to be reasonable.

For the foregoing reasons, the settlement between the parties is approved. The full agreement as modified by the parties' stipulation about the release is attached to this order. The Clerk of Court is directed to close the case.


SO ORDERED.

Dated: January ____, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge


---

[1] In light of recent amendments to the NYLL, courts have held that a FLSA plaintiff cannot recover liquidated damages under both FLSA and the NYLL. *See, e.g., Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 505-06 (S.D.N.Y. 2015); *Santana v. Brown*, No. 14-CV-4279 (LOS), 2015 WL 4865311, at *5 (S.D.N.Y. Aug. 12, 2015).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ANDRES CHECO, individually and on behalf of all other
persons similarly situated,

                    Plaintiff,

                    v.

BOSTON POST ROAD FOOD CORP. (d/b/a C-TOWN),
and RAMON VARGAS,

                    Defendants.

--------------------------------------------------------------x

**Index No.:**
**14-cv-4565**

**SETTLEMENT**
**AGREEMENT,**
**WAIVER AND**
**GENERAL**
**RELEASE**

        THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE (hereinafter

"Agreement") is entered into by and between ANDRES CHECO, individually and on behalf of

all other persons similarly situated (hereinafter the "Plaintiff") and BOSTON POST ROAD

FOOD CORP. (d/b/a C-TOWN), and RAMON VARGAS (hereinafter, collectively the

"Defendants").

        WHEREAS, the Plaintiff has asserted certain claims against the Defendants

relating to wages alleged to be owed by Defendants; and

        WHEREAS, the Defendants vigorously deny the Plaintiff's claims, and deny they

have engaged in any wrongdoing whatsoever in regard to the Plaintiff and deny they owe the

Plaintiff any monies or obligations whatsoever;

        WHEREAS, the Plaintiff and the Defendants, in order to resolve amicably all

matters in controversy, disputes, causes of action, claims, contentions and differences Plaintiff

has or may have as against Defendants or any of them, including all matters in controversy,

disputes, causes of action, claims contentions and differences between the Plaintiff and the

officers, directors, employees, agents, attorneys, successors and assigns of the Defendants, as

1

well as the Defendants' subsidiaries, parent corporations and their affiliates and the officers,

directors, employees, agents, attorneys, successors and assigns of any and all of them, in their

individual and/or representative capacities, which have been or could have been alleged by the

Plaintiff and without incurring the costs of litigation, have reached a full and final compromise

and settlement of all matters in controversy, disputes, causes of action, claims, contentions and

differences which have been or could have been alleged by the Plaintiff, including any claims

the Plaintiff may have at the time of signing this document, against the Defendants, their

subsidiaries, parent corporations and their affiliates and the officers, directors, employees,

agents, attorneys, successors and assigns of any and all of them, in their individual and/or

representative capacities; and

    **NOW, THEREFORE**, in consideration of the foregoing and other good and

valuable consideration, the Plaintiff and the Defendants agree and covenant as follows:

      1.  By entering into this Agreement, the Defendants do not admit, and

specifically deny, any liability or wrongdoing, or violation of any law, statute,

order, regulation or policy.  It is expressly understood and agreed that this

Agreement is being entered into solely for the purpose of avoiding the costs of

litigation and amicably resolving all matters in controversy, disputes, causes of

action, claims, contentions and differences of any kind whatsoever which have

been or could have been alleged by the respective parties against each other up to

and including the time of signing this document.

      2.  In exchange for the promises made by the Plaintiff contained

herein, the Defendants agree to provide the Plaintiff the following checks each

month for twenty-five (25) months in the total amount of fifty thousand dollars

2

($50,000.00):

a.  One check made payable to Andres Checo in the gross amount of Six Hundred
and Sixty-Six Dollars and Sixty-Seven Cents ($666.67), less any and all tax
deductions, representing alleged owed back wages, for which a W-2 will be
issued to Mr. Checo.

b.  One check made payable to Andres Checo in the gross amount of Six Hundred
and Sixty-Six Dollars and Sixty-Seven Cents ($666.67), representing alleged
owed liquidated damages in consideration for the release of all claims, for which a
Form 1099 will be issued to Mr. Checo.

c.  One check made payable to Michael Faillace & Associates, P.C. for Six Hundred
and Sixty-Six Dollars and Sixty-Six Cents ($666.66), representing attorneys' fees
and costs, for which a Form 1099 will be issued.

Both parties agree that payment of the aforementioned sums will be paid by the Defendants each
month beginning within forty-five days of Defendants' execution of this agreement.

3.      The consideration set forth in Paragraph 2 herein is in full and
complete satisfaction of all claims whatsoever the Plaintiff has or have had
against the Defendants.  The Plaintiff, on his behalf and on behalf of his heirs,
executors, administrators, attorneys, successors, assigns, agents and
representatives, hereby knowingly and voluntarily release, waive, and forever
discharge the Defendants from any and all claims of any kind whatsoever
including, but not limited to, claims in connection with his employment at
Defendants, whether known or unknown, that he has, may have or had as of the
date of the execution of this Agreement against the Defendants, including, but not

3

limited to, claims arising under:

A. The National Labor Relations Act, as amended;
B. Title VII of the Civil Rights Act of 1964, as amended;
C. The Civil Rights Act of 1991, as amended;
D. Sections 1981 through 1988 of Title 42 of the United States Code, as amended (including municipal liability and as per First and Fourteenth Amendment violations);
E. Section 2000e et. seq. of Title 42 of the United States Code, as amended
F. The Employee Retirement Income Security Act of 1974, as amended;
G. The Equal Pay Act, as amended;
H. Executive Order 112246, as amended;
I. The Immigration Reform and Control Act, as amended;
J. The Americans with Disabilities Act of 1990, as amended;
K. The Age Discrimination in Employment Act of 1967, as amended;
L. The Older Workers Benefit Protection Act of 1990;
M. The Fair Labor Standards Act, as amended;
N. The Family and Medical Leave Act of 1993, as amended;
O. The Occupational Safety and Health Act, as amended;
P. Uniformed Services Employment and Reemployment Rights Act, as amended;
Q. The Rehabilitation Act of 1973, as amended;
R. The United States or New York Constitutions, including any claims for violation of the right to privacy;
S. All New York State Laws, including but not limited to:
    1. The New York Human Rights Law, as amended;
    2. The New York City Charter and Administrative Code, as amended;
    3. The New York Executive Law Section 290, et. al., as amended;
    4. The New York State Labor Relations Act, as amended;
    5. The New York Labor Law, as amended;
    6. The New York State Labor Law §§190-198, as amended;
    7. The New York Equal Rights Law, as amended;
    8. The New York State Civil Service Law §75;
    9. The New York Wage Hour and Wage Payment Laws, as amended;
    10. The New York Minimum Wage Law, as amended;
    11. The New York Equal Pay Law, as amended.
T. Any other federal, state, or local law, regulation, rule or ordinance;
U. Any personal injury, emotional distress or loss of consortium claims;
V. Any public policy, contract (express, implied, oral or written), tort or common law claims;
W. Any equitable relief claims;
X. Any wrongful discharge claims;
Y. Any misrepresentation, fraud or defamation claims; and
Z. Any claims for costs, fees or other expenses, including attorneys' fees incurred or claimed in relation to this Agreement or any matters covered by this Agreement, all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds controversies, suits, causes of action, judgments, damages, expenses,

4

claims, complaints, grievances, or demands whatsoever, in law or in equity; and

AA. Any other federal, state and local fair employment practice law, worker's compensation law, injury law, unemployment insurance law, and any other employee relations duties and obligations, whether imposed by express or implied contract, breach of contract, tort (including, not limited to, all intentional torts, negligence, assault, battery, invasion of privacy, intentional infliction of emotional distress, conversion, negligent hiring, training, supervision or retention), common law, equity, public policy, fraud, statute, executive order or law, any claim for physical or emotional distress or injuries, or any other duty obligations of any kind or description up to the date of this Settlement Agreement.

The Plaintiff, as Releasor, in consideration of the sum above, received from the Defendants, Releasees, receipt whereof is hereby acknowledged, releases and discharges the Defendants, the Releasees, Releasees' heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasees, the Releasors, Releasors' heirs, executors, administrators, successors and assigns ever had, now have or had prior hereto, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release. The Plaintiff expressly understands and agrees to the obligations under this Agreement and tender of the payments described herein are in lieu of any and all other amounts to which the Plaintiff might be, is now, or may become entitled to receive from the Defendants upon any claim whatsoever, whether asserted or unasserted and whether known or unknown to him at the time he signs this agreement, and, without limiting the generality of the foregoing, the Plaintiff expressly waives any rights or claims that he may have for compensation, benefits, interest, bonuses, damages, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, education benefits, automobile usage benefits, life

5

insurance benefits, overtime, spread of hours, severance pay, liquidated damages and/or
attorneys' fees or cost with respect to or derivative from the Plaintiff's employment and
relationship with the Defendants.

4.      Except for the purpose of seeking enforcement of the terms of this
Settlement Agreement, the Plaintiff stipulates and agrees that he will not file or
institute or cause to have filed or instituted any civil action, complaint, charge,
report or other proceedings of any nature or description against the Defendants
before any judicial, administrative, arbitral or other forum whatsoever regarding
any possible claims that took place prior to the signing of this Settlement
Agreement.

5.      The Plaintiff represents that he has not filed any civil actions,
complaints, or proceedings against the Defendants, as of the date of this
Settlement Agreement other than the above-captioned action.

6.      Nothing in this Agreement shall be construed to prevent the
Plaintiff from participating in an investigation or proceeding conducted by the
Equal Employment Opportunity Commission (EEOC) or any other federal, state
or local agency charged with the enforcement of any laws, although the Plaintiff
understands and agrees that by signing this Agreement he waives his right to
individual relief based on claims asserted in such a charge or complaint.  As of the
date of this agreement, the Plaintiff represents that he is not aware of any
investigation or proceeding involving the Defendants which is being conducted by
the Equal Employment Opportunity Commission (EEOC) or any other federal,
state or local agency charged with the enforcement of any laws.

6

7.     Michael Faillace & Associates, P.C. acknowledges that any and all claims to attorney's fees and costs are included and covered by the terms and amounts included in this settlement.

8.     The parties agree that they will not, in any way, make or solicit any comments, statements or the like that are derogatory or defamatory to the other Party.

9.     This Agreement has been executed freely, knowingly and voluntarily by both Parties without duress, coercion, or undue influence, with a full free understanding of its terms, and after consultation with their attorneys, and other professional persons.  The Plaintiff acknowledges and agrees that he has been given at least twenty-one days in which to review and consider this Settlement Agreement and that in deciding to execute this Settlement Agreement, he has relied on his own judgment and the advice of his counsel, and further acknowledges that he is fully aware of its contents and of its legal effects.

10.    This Agreement shall be construed in accordance with the laws of the State of New York.  The covenants, warranties, undertakings and representations made herein shall survive the closing of the transaction provided for herein, and shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors and assigns.  By entering into this Agreement, the parties agree that any and all disputes arising from this Agreement will be governed by the laws of the State of New York without regard to its conflict of law provisions.

11.    If any of the provisions, terms, clauses, or waivers or releases of

7

claims or rights contained in this Agreement are declared illegal, unenforceable,
or ineffective in a legal forum, such provisions, terms, clauses, or waivers and
releases of claims and rights contained in this Agreement shall remain valid and
binding upon the parties with the same effect as though the void or unenforceable
part has been severed and deleted.  This Agreement does not expire after
performance of its terms and remains in full force and effect hereafter.

12.     This Agreement may be executed in counterparts, each of which
shall be deemed an original, but which together shall constitute one Agreement.

13.     A facsimile or scanned copy of this Agreement shall have the same
force and effect as the original.

14.     This Agreement supersedes all prior agreements or understandings
of any kind, whether oral and written, and represents the entire Agreement.  This
Agreement may not be modified, amended, or terminated except by written
agreement signed by the Plaintiff, or Plaintiff's attorney, and a duly designated
and authorized officer of the Defendants.

15.     **The Plaintiff is hereby advised to retain an attorney for the
purpose of reviewing the Agreement, represents and warrants that he has in
fact retained an attorney (Michael Faillace & Associates, P.C.) for the
purpose of reviewing this Agreement, knows he is giving up important rights,
including but not limited to the right to bring a claim of age discrimination
under the Age Discrimination in Employment Act against the Defendants or
their heirs, executors, administrators, attorneys, successors, assigns, agents
and representative, has carefully read and fully considered the terms of this**

8

**Agreement, has had ample opportunity to negotiate the terms of this Agreement through his attorneys, has had ample opportunity to discuss the terms of the Agreement with attorneys or advisors of his own choosing, agrees to all of the terms of this Agreement, intends to be bound by them and to fulfill the promises set forth herein, and voluntarily and knowingly enters into this Agreement with full understanding of its binding legal consequences and has executed this Agreement voluntarily, knowingly and with such advice from his attorneys as they deem appropriate.**

16.     Plaintiff acknowledges and agrees that he has been given a period of at least twenty-one (21) days within which to consider this Agreement, but represents and warrants that, should he choose to execute and return this Agreement before that time, he has done so after conferring with his counsel, with full knowledge that his is entitled to twenty-one days to review same, and that he has voluntarily chosen to execute and return it before the expiration of 21 days because and only because he perceives it to be to his benefit to do so.  Plaintiff shall have a period of seven (7) days following his execution and the proper notarization of this Agreement within which he may revoke his release of claims pursuant to the Age Discrimination in Employment Act contained in the Agreement, and that this Agreement shall not become effective or enforceable until the aforesaid revocation period has expired.  Said revocation must be in writing, via certified mail, return receipt requested, and addressed to Defendants' legal counsel as follows: Gregory S. Lisi, Esq., Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, The Omni, 333 Earle Ovington Blvd., Suite

9

1010 Uniondale, New York 11553.  The parties agree that should Plaintiff revoke

his release of claims pursuant to the Age Discrimination in Employment Act

contained in the Agreement, that this Agreement shall then become voidable at

the option of only the Defendants, and that the Defendants may choose to so void

this Agreement in its entirety or fail to so choose, in which case this Agreement

shall be in full force and effect, other than the release pursuant to the Age

Discrimination in Employment Act.

      17.    BY SIGNING THIS AGREEMENT AND GENERAL RELEASE
AND WAIVER, THE PLAINTIFF STATES THAT: HE HAS READ IT; HE
UNDERSTANDS IT AND HE KNOWS THAT HE IS GIVING UP
IMPORTANT RIGHTS; HE AGREES WITH EVERYTHING IN IT; HE HAS
HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY BEFORE
SIGNING IT; AND HE HAS SIGNED IT KNOWINGLY AND
VOLUNTARILY.

Dated: Dated __10/15__, 2015

           AGREED:

           _____
           ANDRES CHECO


STATE OF NEW YORK      )
                    ) ss:
COUNTY OF             )

      On _____, before me personally came Andres Checo, known to be the
individual described in and who executed the foregoing Settlement Agreement, Waiver and
Release, and duly acknowledged to me that she executed same.

           _____
           NOTARY PUBLIC

           _____
           Michael Faillace & Associates, P.C.
           By:

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified In New York County
My Commission Expires January 03, 2016

_Ramon Vargas_
BOSTON POST ROAD FOOD CORP. (d/b/a C-TOWN)
By: RAMON VARGAS , President

On ____11/18/15____ , before me personally came _Ramon Vargas_ , on behalf of
Boston Post Road Food Corp., known to be the individual described in and who executed the
foregoing Settlement Agreement, Waiver and Release, and duly acknowledged to me that she
executed same.

_____
NOTARY PUBLIC

GREGORY S. LISI
NOTARY PUBLIC, State of New York
No. 02LI5053067
Qualified in Nassau County
Commission Expires December 11, 2018

_Ramon Vargas_
RAMON VAGAS

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF                  )

On ____11/18/15____ , before me personally came Ramon Vargas , known to be the
individual described in and who executed the foregoing Settlement Agreement, Waiver and
Release, and duly acknowledged to me that he executed same.

_____
NOTARY PUBLIC

GREGORY S. LISI
NOTARY PUBLIC, State of New York
No. 02LI5053067
Qualified in Nassau County
Commission Expires December 11, 2018

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRES CHECO, *individually and on behalf
of others similarly situated,*

               *Plaintiff,*

         -against-

BOSTON POST ROAD FOOD CORP. (d/b/a
C-TOWN), and RAMON VARGAS,

              *Defendants.*

14-cv-4565

**STIPULATION RE
EMPLOYMENT RELEASE**

---

      IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for

the parties, that paragraph three ("3") of the settlement agreement reached in the above

referenced matter is hereby amended and replaced as follows:

"Employment Claim Release

      In exchange for and in consideration of the covenants and promises contained herein,
Plaintiff hereby waives, discharge and release Defendants (collectively, "Releasees") from any
and all actions, causes of action, obligations, liabilities, claims, debts, losses, obligations,
liabilities, charges, grievances, complaints, suits and/or demands concerning of arising from
Plaintiff's employment with any Defendant, or the termination thereof. This release includes the
release of any claims for unpaid, inaccurate payment or nonpayment of wages and tips under any
federal, state or local law, including but not limited to New York and federal Law (29 U.S.C.
§201, *et. seq.*, New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq.*, 652, and 653 and
relevant sections of N.Y. Comp. Codes R. & Regs.) and all wage and hour claims which could
have been alleged, including without limitation all claims for restitution and other equitable
relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties
of any nature whatsoever. Additionally, this release includes, but is not limited to, any claims of
alleged employment discrimination, harassment, or retaliation on any basis, including age, race,
color, ethnicity, national origin, gender, religion, pregnancy, disability (or perceived disability),
sexual orientation, veteran's status or marital status. This release includes, but is not limited to,
any claims Plaintiff may have under Title VII of the Civil Rights Act of 1964; the Equal Pay Act;
the Americans With Disabilities Act; the New York Labor Law; the New York State Human
Rights Law; the New York City Human Rights Law; or any other federal, state or local laws or
regulations, including any and all laws or regulations prohibiting employment discrimination,
harassment, or retaliation; and any and all employment discrimination claims which could have
been alleged. This release does not include a release of any rights Plaintiff may have under this
Agreement.

1231196.1

Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right he has or may have, without limiting the generality of any other provision herein, to assert any claim arising from or concerning their employment of the termination thereof against or involving Defendants and the Releasees, or to permit themselves to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, their employment with Defendants.  Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state or local fair employment practices agency; provided, however, that Plaintiff further agrees and understands that he has waived his right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by them or on their behalf arising from, or in any way relating to, their employment with Defendants."

Date:   New York, New York
        January ____, 2016

_____
Gregory S. Lisi, Esq.
FORCHELLI, CURTO, DEEGAN, SCHWARTZ,
MINEO & TERRANA, LLP
The Omni
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
*Attorneys for Defendants*

_____
Michael A. Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES,
P.C.**
60 East 42nd. St. Suite 2020
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiff*